UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RONALD A. CHISHOLM LIMITED,                                        PLAINTIFF

v.                                              CIVIL ACTION NO. 3:10-cv-57-CRS

AMERICAN COLD STORAGE,
INC., and AMERICAN COLD
STORAGE NORTH AMERICA, L.P.,
et al.,                                                             DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motions of the defendants, American Cold Storage, Inc. and American Cold Storage North America, L.P., et al. (collectively, "Defendants"), for summary judgment on the issue of damages, or in the alternative, for partial summary judgment on the third defense to the amended complaint (DN 31), for dismissal for lack of jurisdiction (DN 39), to strike portions of the affidavits of Gavin Hoey (DN 40), and to strike the affidavit of Clyde C. Richard and John G. Atherton (DN 41). Last, a motion of the plaintiff, Ronald A. Chisholm Limited ("Chisolm" or "Plaintiff") for leave to file a supplemental counterstatement of material facts in opposition to Defendants' partial summary judgment motion (DN 42) is also before us. The court holds as follows.

Plaintiff filed this action seeking to recover damages from Defendants, alleging that its meat products which were stored in Defendants' cold storage facilities were damaged when an ammonia leak occurred inside the facility. (DN 1 at ¶¶ 6-12). Defendants' assert that Plaintiff did not have standing to bring this action because it had been fully reimbursed from its insurer, CNA Insurance

Company of Canada ("CNA"), for all damages resulting from the ammonia leak. Defendants assert that the real party in interest is therefore CNA and that because Plaintiff did not have standing to bring this action, the court lacks subject matter jurisdiction and the action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Fed.R.Civ.P. 17(a) provides in pertinent part that "[a]n action must be prosecuted in the name of the real party in interest." The Rule also provides:

> (3) **Joinder of the Real Party in Interest**. the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed.R.Civ.P. 17(a). Pursuant to Rule 17(a), Plaintiff submitted a Ratification Statement, executed by CNA. (DN 34, Exhibit A). In this Statement, CNA, through its authorized representative, ratified the continuation of this lawsuit in Chisholm's name and agreed to be bound by the result and any final judgment obtained herein. *Id*. Plaintiff also provided a Subrogation Agreement between Chisholm and CNA, through which Chisholm subrogated CNA "to all of the rights, claims and interest which Chisholm has against" Defendants, and authorized "CNA to sue, compromise or settle in the name of Chisholm... all such claims." (DN 43, Exhibit A).

Where an insurer has ratified the continuation of an action in its insured's name, the ratification nullifies any potential real party in interest concerns, and the action proceeds as if the insurer had been a party thereto since the action's initiation. *See United Coal Cos. v. Powell Construction Co.*, 839 F.2d 958, 959-61 (3d Cir. 1988) (finding "the effect of service of the Rule 17(a) ratification agreement was as if [the insurers] had been parties from the beginning of the action"); *Big John, B.V. v. Indian Head Grain Co.*, 718 F.2d 143, 147 (5th Cir. 1983) (determining

"formal joinder or substitution of the real party in interest will not be necessary when [the real party in interest] ratifies" the action). We therefore find that Defendants' argument that this court lacks subject matter jurisdiction is without merit, and the motion to dismiss will be denied.

Defendants next move this court for summary judgment on the issue of damages, or in the alternative for partial summary judgment on its third defense to the amended complaint. (DN 31). A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The evidence must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Defendants again argue that because Chisholm was reimbursed in full for any damage its meat products stored in Defendants' facility, they are entitled to summary judgment that Plaintiff is entitled to no damages. (DN 33). As discussed above, Plaintiff has filed a ratification statement from Chisholm's insurer, CNA, who reimbursed Chisholm for the damage to its meat product, and a subrogation agreement between the parties so that CNA may continue in this action under Chisholm's name. (DN 34, Exhibit A) (DN 43, Exhibit A). CNA paid Chisholm for all the alleged

damage to the meat products from Defendants' ammonia leak. Therefore, we find that summary judgment holding that Plaintiff can recover no damages is improper.

Defendants argue in the alternative that any damages they may be liable for must be limited by an agreement with Chisholm as to the storage of Chisholm's meat products. (DN 33). In their argument, Defendants rely on warehouse receipts provided to Plaintiff whenever products were received for storage. (DN 33). One such warehouse receipt states that it is a "NON-NEGOTIABLE WAREHOUSE RECEIPT AND INVOICE ISSUED SUBJECT TO TERMS AND CONDITIONS ON REVERSE SIDE." *Id*. The receipt further provided in its "Terms and Conditions" that in the event of loss, damage or destruction to goods for which the company is liable, liability is limited to 50 times the monthly storage charge for such goods or $0.50 per pound for the lost goods. *Id*. Defendants therefore seek an order of summary judgment that their liability is limited pursuant to these Terms and Conditions.

Defendants argue that this limitation of liability is enforceable pursuant to Section 7-204 of the Kentucky Commercial Code, which permits warehouse operators to contractually limit their liability in warehouse receipts. KRS § 355.7-204 provides:

> Damages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable...

KRS § 355.7-204.

Plaintiff contends that summary judgment is inappropriate as to the limitation of liability, because genuine factual issues exist as to whether the limitation is valid and enforceable. (DN 34). Specifically, Plaintiff argues that Defendants' limitation of liability may not be valid, because Kentucky courts refuse to enforce limitation of liability provisions when doing so would release

another from liability for "willful and wanton negligence or where contrary to public policy." *Id*. (citing *United Servs. Auto. Ass"n. v. ADT Sec. Servs*., 241 S.W.3d 335, 342 (Ky. Ct. App. 2006); *Sparks v. Re/Max Allstar Realty, Inc*., 55 S.W.3d 343, 348-49 n.16 (Ky. Cy. App. 2001)). Plaintiff asserts that willful and wanton negligence of Defendants precludes the application of the contractual limitation of liability, because a previous ammonia leak at Defendants' storage facility evinces a conscious disregard for the rights of Plaintiff. *Id*. (citing *Donegan*, 894 F.2d at 207 (negligence is willful or wanton when it involves an "element of conscious disregard of the rights and safety of others")). Plaintiff also argues that Defendants were potentially in violation of safety statutes and that under Kentucky law, a "party cannot contract away liability for damages caused by that party's failure to comply with a duty imposed by a safety statute." *Id*. (citing *Hargis v. Baize*, 168 S.W.3d 36, 47 (Ky. 2005)).

However, Defendants assert that Kentucky authority also holds that regardless of potential violations of statutory safety regulations and public policy concerns, between parties of equal bargaining power, limitations of liability like that at issue in this case are still valid and enforceable. (DN 38). In *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp*., 238 S.W.3d 644, 646-51 (Ky. 2007), the Supreme Court of Kentucky stated:

> As a general rule, a party cannot contract away liability for damages caused by that party's failure to comply with a duty imposed by a safety statute. This case presents the question of whether this general rule applies to void a liability-shifting clause in a contract between parties to a coal mining agreement where one side claims economic damages resulting from the other's failure to comply with statutory mine-mapping duties presumably imposed to further mine safety. We find that the clause was clearly written as part of an arm's-length transaction between two sophisticated parties who actually shared the statutory mapping duties. Since there was no apparent gross imbalance of bargaining power, we see no reason to invalidate the exculpatory clause, which clearly bars the claims of [the plaintiff].

The court concluded that enforcing the clause limiting the liability of the defendant could be harmonized with other previous decisions disallowing such liability limitations "by focusing on the parties' bargaining power," and ultimately held it enforceable "even in light of recent authority disallowing a party to contract away liability for violation of safety statutes." *Id.* (specifically noting *Hargis v. Baize*, 168 S.W.3d 36, 47 (Ky. 2005)); *see also Martin County Coal Corp v. Universal Underwriters Ins. Services, Inc.*, 2011 WL 2149352, *5 (E.D. Ky. June 1, 2011) (stating that "the Kentucky Supreme Court held that the key factor in determining whether public policy invalidates an exculpatory agreement–even, apparently, when the agreement runs afoul of a public safety statute–is whether there is a significant disparity in bargaining power between the parties" and holding that the defendant validly limited its liability to the plaintiff despite a direct violation of a safety statute).

Reviewing the evidence even in the light most favorable to Plaintiff, we find that both parties are of equal bargaining power and validly agreed to limit Defendants' liability pursuant to warehouse receipts specifically, as specifically authorized under the Kentucky Commercial Code. *See* KRS § 355.7-204. Therefore, we hold that Defendants' limitation of liability is valid and enforceable, despite Plaintiff's contentions of potential safety statute violations and public policy concerns. Partial summary judgment is thus proper on Defendants' third defense and Defendant's motion will be granted.

Last, due to our resolution of Defendants' partial summary judgment motion, Defendants' other motions to strike affidavits attached to Plaintiff's response to Defendants' summary judgment motion (DNs 40, 41) are now moot. As such, they will be denied. Similarly, Plaintiff's motion for

- 7 -

leave to file a supplemental counterstatement of material facts submitted in opposition to Defendants' partial summary judgment motion (DN 42) will also be denied as moot.

An order consistent with this opinion will be entered this date.

March 30, 2012

**Charles R. Simpson III, Judge**
**United States District Court**