UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RONALD A. CHISHOLM LIMITED                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:10-CV-00057

AMERICAN COLD STORAGE, INC., *et al.*                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the court is a motion by Defendants American Cold Storage, Inc., *et al.* ("Defendants") for leave to bring an interlocutory appeal (DN 53). Additionally, Plaintiff Ronald A. Chisholm Limited ("Chisholm" or "Plaintiff") has moved for a scheduling conference and a scheduling order (DN 61). Both motions are ripe for this court's resolution.

As set forth in the court's memorandum opinion dated March 30, 2012, Plaintiff alleges in this action that its meat products that were stored in Defendants' cold storage facilities were damaged by an ammonia leak inside the facility. Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Defendants claimed that Chisholm did not have standing to bring the action because Chisholm's insurer, CNA Insurance Company of Canada ("CNA"), had fully reimbursed Chisholm for all damages resulting from the ammonia leak.

In an order and accompanying memorandum opinion, both dated March 30, 2012, this court rejected Defendants' contentions regarding subject matter jurisdiction. The court noted that Chisholm had submitted a ratification statement signed by an authorized representative of CNA. The ratification statement both ratified the continuation of the lawsuit in Chisholm's name and agreed that CNA would be bound by the result and any final judgment obtained therein. Additionally, the

court noted, Chisholm submitted a subrogation agreement between itself and CNA, through which Chisholm subrogated CNA "to all of the rights, claims and interest which Chisholm  has against" Defendants and authorized "CNA to sue, compromise or settle in the name of Chisholm . . . all such claims." The court then held that "[w]here an insurer has ratified the continuation of an action in its insured's name, the ratification nullifies any potential real party in interest concerns, and the action proceeds as if the insurer had been a party thereto since the action's initiation." Accordingly, the court found Defendants' argument that the court lacked subject matter jurisdiction to be without merit.

Defendants have now moved for leave pursuant to 28 U.S.C. § 1292(b) to file an interlocutory appeal from the court's March 30, 2012 order and accompanying memorandum opinion denying their motion to dismiss for lack of subject matter jurisdiction. 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Leave to file such an interlocutory appeal should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

This simply is not the exceptional case in which an interlocutory appeal is warranted. The issue of law about which Defendants desire to appeal is not the type of controlling question of law as to which there is substantial ground for difference of opinion and which an immediate appeal might materially advance the ultimate termination of the litigation. The ratification statement and subrogation agreement alleviate the concerns advanced by Defendants about whether CNA's having

compensated Chisholm for his loss deprived Plaintiff of standing. Further, the court sees no need to clog the Sixth Circuit's docket with piecemeal appeals in this case, particularly when the action in this court appears to be close to a trial or other resolution. In that regard, the court has already granted partial summary judgment on the issue of damages. And, it would appear that any trial on the remaining liability and damages issues would not be lengthy or complex.

As to Plaintiff's motion for a scheduling order, the relevant procedural history is as follows. On March 30, 2011, pursuant to an order of Magistrate Judge James D. Moyer, a deadline of May 2, 2011 was set for the completion of fact discovery, with dispositive motions due by June 30, 2011. On May 21, 2012, Plaintiff filed two motions: a motion for summary judgment on the issue of liability and a motion for prejudgment and post-judgment interest.

Defendants then sent Plaintiff a letter requesting that Plaintiff withdraw those motions. Defendants asserted that the motion for summary judgment on the issue of liability was improper because it was untimely and Plaintiff did not seek leave of the court before filing it. As to the motion for prejudgment and post-judgment interest, Defendants asserted that the motion was premature because there had not yet been a finding of liability on the part of Defendants, nor had damages been fixed. Defendants attached to their letter an unfiled motion for Rule 11 sanctions; Defendants stated that they were deferring filing that motion to allow for a possible resolution of the issues.

After receiving the letter from Defendants, Plaintiff moved for a scheduling conference and a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Plaintiff stated that it "request[ed] a Scheduling Conference in order to seek the direction of the Court on the scheduling of the proceedings going forward for the disposition of the issues still open for resolution in this matter." While denying that it violated Rule 11, Plaintiff noted that any error on its part in filing the

motions for summary judgment and for prejudgment and post-judgment interest at the time it did could be addressed by entry of a scheduling order for disposition of the motions. In their response to Plaintiff's motion, Defendants stated that they "do not object to a scheduling conference because it will assist in addressing defendants' objections to the filing of plaintiff's motion for prejudgment and post-judgment interest and motion for summary judgment on liability." However, Defendants added, they "do object to a modification of the existing scheduling order that would permit plaintiff to file those motions." As both parties are in agreement that a scheduling conference would be helpful, the court will grant Plaintiff's motion for a scheduling conference and scheduling order. The scheduling conference will be held before Magistrate Judge James D. Moyer and will address all issues surrounding the disposition of pending motions and any other remaining pretrial issues.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' motion for leave to bring an interlocutory appeal (DN 53) is **DENIED** and Plaintiff's motion for a scheduling conference and scheduling order (DN 61) is **GRANTED**.

October 4, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03

- 4 -